# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DWAYNE ASHFORD, | CASE NO. 10cv1016-WQH-RBB |
| Petitioner, | ORDER |
| vs. | |
| MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation, | |
| Respondent. | |

HAYES, Judge:

On May 11, 2010, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). Petitioner contends that he is a federal prisoner who is incarcerated in a California state prison pursuant to an "Interstate Corrections Compact." (Doc. # 1 at 1). Petitioner contends that California state prison officials are violating the law by charging him a $5.00 "co-payment" for "medical/dental consults" and "medically-related 'artificial appliances,'" such as eyeglasses. (Doc. # 1 at 3). Petitioner "request[s] that this court immediately issue a writ of habeas corpus order that Respondent and those responsible subordinate officials ... are henceforth enjoined ... from charging petitioner for any medical/dental care he initiates and that he likewise not be charged for any prison eyeglasses, and petitioner be ordered reimbursed for all such monies paid by him for the same to date." (Doc. # 1 at 7). Petitioner requests an evidentiary hearing. (Doc. # 1 at 8).

A federal court may only grant a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241 if a federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) is the proper method for a prisoner to challenge the conditions of his confinement. *See McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *Greenhill v. Lappin*, 2010 WL 1539818, at *1 (9th Cir., Apr. 19, 2010) ("The appropriate remedy for [the federal § 2241 petitioner]'s claim, which relates to the conditions of his confinement, lies in a civil rights action under *Bivens* ... and the First Amendment.").

After review of the Petition, the Court concludes that Petitioner is challenging the conditions of his confinement and not the "the fact or length of his custody." *McCarthy*, 500 U.S. at 142. Accordingly, the Petition is dismissed without prejudice to Petitioner properly asserting his claims in a civil rights action. Petitioner's request for an evidentiary hearing is denied.

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice. (Doc. # 1).

DATED: June 9, 2010

                                    **WILLIAM Q. HAYES**
                                    United States District Judge